SWIFT & COMPANY *vs.* SUPERIOR PET PRODUCTS, INC. December 22, 1977. The appeal must be dismissed as premature because no final judgment has been entered pursuant to the order found in the concluding paragraph of the judge's memorandum of decision dated June 11, 1976. *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket, ante,* 206, 207 (1977). *Tisei* v. *Building Inspector of Marlborough, ante,* 328, 330 (1977). We see no harm, however, in stating our belief (by way of dictum) that the judge did not err in the action taken by him under Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974), with respect to count 2 of Swift's third-party complaint against Superior. Without pausing to consider any of the other reasons given by the judge, we are of the opinion that the reason given in the second paragraph under "Issue #4" in part III B of the aforementioned memorandum was correct. The relevant invoice prepared by Swift (No. 05155) provided that the used machine in question was to be sold f.o.b. Swift's plant and was to be removed therefrom by Superior at its expense within thirty days from the date of the invoice. When those provisions are read in the light of the further provisions that the machine was being sold "*As is, where is*" (emphasis original) and that "[n]o torches are to be used without prior permission from the plant superintendent and arrangements for adequate fire protection taken," it is clear as matter of law that the "operations" intended to be covered by Superior's agreement of indemnity (if there was one) were those involved in the physical removal of the machine from Swift's plant as opposed to those which might be involved in the subsequent use of the machine in Superior's plant, where the original plaintiff was injured.

*Appeal dismissed.*

*Carl G. Bergstedt* for the plaintiff.
*Charles P. Reidy, III,* for the defendant.