LUCY JONES & others[1] *vs.* RONALD BOYKAN & others.[2]

No. 07-P-1609.

Hampden. October 16, 2008. - May 6, 2009.

Present: GREEN, SMITH, & FECTEAU, JJ.

*Rules of Civil Procedure. Practice, Civil,* Notice of appeal.

A Superior Court judge erred in dismissing the plaintiffs' appeal from a judgment in a civil action on the basis that their notice of appeal was not timely filed, where the plaintiffs filed the notice of appeal within thirty days from the entry of an amended judgment that, by disposing of all claims against all parties in the matter, constituted a final judgment in the sense contemplated by Mass.R.Civ.P. 54(b) and Mass.R.A.P. 4(a). [217-218]

CIVIL ACTION commenced in the Superior Court Department on June 12, 2003.

A motion to dismiss was heard by *Mary-Lou Rup*, J.; a motion for summary judgment as to the remaining claims was heard by *C. Jeffrey Kinder*, J.; the entry of an amended judgment was ordered by *Rup*, J., and a motion to dismiss the plaintiffs' appeal was also heard by her.

*Garry Teixeira* for the plaintiffs.

*Patricia Bobba Donovan* for the defendants.

SMITH, J. The plaintiffs, Lucy Jones (Lucy), Sierra Jones (Sierra), Nicole Jones (Nicole), and William Owens (Owens), appeal from an order dismissing their appeal from a Superior Court judgment on the basis that their notice of appeal was not timely filed. We reverse. Our decision illustrates some of the traps for the unwary that lurk within the Massachusetts Rules of Civil Procedure.

We begin by reciting the procedural history as background for our decision in this matter.

[1]Nicole Jones, Sierra Jones, and William Owens.
[2]Springfield police department and the city of Springfield.

1. *The plaintiffs' complaint.* On June 12, 2003, the plaintiffs filed a complaint in the Superior Court against the defendants, Ronald Boykan (Boykan) and the city of Springfield police department (department), alleging that Boykan, a police officer, on or about June 12, 1999, entered a convenience store owned by Lucy, falsely arrested Nicole and Owens, and caused injury to all of the plaintiffs.

In count I, all of the plaintiffs claimed assault and infliction of emotional distress, and Lucy, Nicole, and Owens claimed battery; in count II, Lucy, Nicole, and Owens claimed civil rights violations under 42 U.S.C. § 1983; in count III, Nicole and Owens claimed violations of G. L. c. 93A; in count IV, Nicole and Owens claimed false arrest.

2. *Judge's ruling on Boykan's and the department's motion to dismiss the plaintiffs' second amended complaint.* On June 15, 2006, Boykan and the department filed a motion to dismiss the plaintiffs' complaint on several grounds, including the statute of limitations. The department also claimed that it was mis-named as a party in the action, as Boykan was an employee of the city of Springfield (city), not the department.

After the defendants responded to the plaintiffs' complaint and after the defendants' motion to dismiss was filed, the plaintiffs, without seeking permission from the motion judge as required by Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), filed a second amended complaint adding the city as a party.[3] The motion judge noted that the plaintiffs had not properly amended the complaint but, nevertheless, treated the plaintiffs' complaint as amended to include the city as a party, and the motion to dismiss as encompassing the plaintiffs' claims against the city. On appeal, the city does not raise any issue whether the amended complaint was properly amended.

On July 27, 2006, the motion judge issued a decision and order allowing Boykan's and the department's motion as follows: dismissing all claims by Nicole and Owens against Boykan, the department, and the city; dismissing all claims by Lucy against the department and the city, but denying the motion to

---

[3]The amended complaint was filed on April 25, 2006. There is no copy of the second amended complaint in the record. According to the docket, however, the second amended complaint was filed on June 26, 2006.

dismiss as to Lucy's claims for assault and battery, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983 against Boykan; and dismissing all claims by Sierra against the department and the city, but denying the motion as to Sierra's claims for assault and battery and intentional infliction of emotional distress against Boykan.

3. *The entry of judgments on the motion to dismiss the plaintiffs' complaint and the plaintiffs' attempted appeal.* As a result of the motion judge's order in July, 2006, two separate "judgments" were entered in the matter on August 15, 2006. The first "judgment" dismissed Lucy's and Sierra's complaint against the department only. The second "judgment" dismissed Nicole's and Owens's complaint against Boykan and the department. However, neither "judgment" dismissed the plaintiffs' complaint against the city. Moreover, no order entered under Mass.R.Civ.P. 54(b), 365 Mass 821 (1974).[4] After the entry of the two judgments, Lucy's and Sierra's claims against Boykan still remained.

On September 1, 2006, the plaintiffs filed an "interlocutory notice of appeal" as to the August 15, 2006, judgments. This notice of appeal was premature because other claims were pending, and therefore it was of no effect. Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999). See *Padden* v. *West Boylston*, 64 Mass. App. Ct. 120, 123-124 (2005).

4. *Boykan's motion for summary judgment.* On December 18, 2006, Boykan filed a motion for summary judgment as to Lucy's and Sierra's claims. On February 6, 2007, a Superior Court judge allowed the motion as to these two plaintiffs' remaining claims against Boykan. Summary judgment entered on February 16, 2007, dismissing Lucy's and Sierra's claims. The February 16, 2007, judgment made no mention of the claims addressed in the August 15, 2006, judgments. The February 16, 2007, judgment was not final, however, because, as of that time, no "judgment" had referred to the claims against the city.

---

[4]Rule 54(b) provides that when multiple claims or multiple parties remain after an order of decision, final judgment should not enter unless a judge makes an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See *Long* v. *Wickett*, 50 Mass. App. Ct. 380, 385-390 (2000). The plaintiffs' second amended complaint presented multiple claims involving multiple parties.

On April 5, 2007, a notice of appeal was filed on behalf of the plaintiffs. Like the September, 2006, notice of appeal, the April 5, 2007, notice of appeal was premature because, as of that date, there was no final judgment.

5. *Amended judgment.* On April 12, 2007, the judge sua sponte issued an amended judgment pertaining to the "judgments" entered on August 15, 2006. In her subsequent decision and order addressing the defendants' motion to dismiss the plaintiffs' appeal, the motion judge stated that the amended judgment had been issued to correct "a clerical or scrivener's error (the name of the person who heard the dismissal motion)." In addition to correcting the judge's name, however, the amended judgment stated that the complaint of the plaintiffs was "hereby dismissed against the defendant(s) Springfield Police Department and the . . . City of Springfield and the Complaint of plaintiffs Nicole Jones and William Owens is . . . dismissed against the defendant Ronald Boykan." Thus, for the first time, a judgment entered dismissing the plaintiffs' complaint against the city. Moreover, the entry of the April 12, 2007, amended judgment represented the first time that, together with the various judgments previously entered, all claims involving all parties were addressed in a judgment. On May 9, 2007, the plaintiffs filed a notice of appeal from the April 12, 2007, amended judgment.[5]

6. *The defendants' motion to dismiss the plaintiffs' appeal.* On June 7, 2007, the defendants filed a motion to dismiss the plaintiffs' appeal as untimely on the basis that no notice of appeal was filed within thirty days of February 16, 2007, as required by Mass.R.A.P. 4(a). In response, the plaintiffs claimed that their April 5, 2007, notice of appeal was timely filed, within the sixty-day period allowed for cases in which the Commonwealth is a party.[6] In the alternative, the plaintiffs argued that no final judg-

---

[5]If the February 16, 2007, judgment had been final, then neither the April 5, 2007, notice of appeal nor the May 9, 2007, notice of appeal would have been timely because both were filed more than thirty days after February 16. See Mass.R.A.P. 4(a), which provides, in pertinent part, that a notice of appeal "shall be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from." We later discuss an argument by the plaintiffs that, in their circumstances, they had sixty days within which to file their notice of appeal. See note 6, *infra.*

[6]We need not address the claim that the plaintiffs had sixty days to file a

ment entered until April 12, 2007, because prior to that date no judgment had addressed the plaintiffs' claims against the city. Accordingly, they argued, their May 9, 2007, notice of appeal was timely filed.

The motion judge allowed the defendants' motion on the basis that the amendment only corrected a clerical error, see Mass.R.Civ.P. 60(a), 365 Mass. 828 (1974), and "the date of the entry of the final judgment remained February 16, 2007." She dismissed the plaintiffs' appeal.

*Discussion.* We now address whether the plaintiffs' appeal was timely commenced. We recognize that, pursuant to Mass. R.Civ.P. 60(a), it is permissible for a judge to correct sua sponte "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission . . . ." The parties sharply dispute whether the correction in this instance was "clerical," as the judge concluded. See *Gagnon* v. *Fontaine*, 36 Mass. App. Ct. 393, 396 (1994).[7]

However, whether the amendments made by the judge sua sponte could be categorized as clerical is of no consequence to the timeliness of the plaintiffs' appeal.[8] Prior to the entry of the April 12, 2007, amended judgment, the only document indicating that the city had been dismissed as a party was the judge's order appended to her memorandum of decision that preceded

---

notice of appeal because we conclude (later in this opinion) that the February 16, 2007, judgment was not a final judgment. Nevertheless, we agree with the motion judge that the plaintiffs did not have sixty days to file their notice of appeal. The plaintiffs rely on Mass.R.A.P. 4(a), which states in relevant part that "if the Commonwealth or an officer or agency thereof is a party, the notice of appeal may be filed . . . within sixty days of such entry [of the judgment] . . . ."

We reject the argument. Boykan was a city employee; the city is not a subdivision of the Commonwealth for purposes of calculating the appeal period. See and compare *Okongwu* v. *Stephens*, 396 Mass. 724, 730-732 (1986). Thus, in this matter, the appropriate period in which a notice of appeal may be filed is thirty days.

[7]As the judge correctly recognized, the correction of a clerical error does not extend the time for taking an appeal from a final judgment. See 11 Wright, Miller, & Kane, Federal Practice and Procedure § 2871 (2d ed. 1995).

[8]Though the question is immaterial to resolution of the issue before us on appeal, we nonetheless express our view that the amendment was clerical, so as to remove any uncertainty regarding the judge's authority to act pursuant to Mass.R.Civ.P. 60(a), and any related uncertainty regarding the validity and finality of the amended judgment entered on April 12, 2007.

the entry of the two "judgments" on August 15, 2006. Neither of those judgments dismissed the city as a party. "It is the entry of a final judgment, not the order found in the concluding paragraph of the judge's memorandum of decision, that starts the appellate clock. See *Swift & Co.* v. *Superior Pet Prods., Inc.*, 5 Mass. App. Ct. 904 (1977)." *Department of Rev.* v. *Mason M.*, 439 Mass. 665, 673 (2003). Even if the amended judgment represented a clerical correction properly made under Mass.R.Civ.P. 60(a), no "judgment" that entered prior to the amended judgment (including, as relevant to the timeliness of the notice of appeal, the February 16, 2007, judgment) disposed of all claims against all parties. Here, the claims against the city were not adjudged dismissed until the entry of the amended judgment on April 12, 2007. As no "judgment" previously had addressed the plaintiffs' claims against the city, no judgment entered before April 12 was final, in the sense contemplated by Mass.R. Civ.P. 54(b) and Mass.R.A.P. 4(a).[9] Therefore, the plaintiffs' appeal should not have been dismissed as untimely.

Because the April 12, 2007, amended judgment was indeed a final judgment, and because no final judgment entered before that date, the plaintiffs' notice of appeal was timely filed on May 9, 2007. Therefore, the order dismissing their appeal was in error.

*Order dismissing plaintiffs'
appeal reversed.*

---

[9]We pause to observe that much unnecessary confusion arose in this case from the entry of separate "judgments" on August 15, 2006, each addressing discrete claims involving only certain parties. A significant purpose inherent in Mass.R.Civ.P. 54 and Mass.R.Civ.P. 58, as amended, 371 Mass. 908 (1977), is to provide certainty and clarity concerning the existence and terms of a final judgment. That purpose is defeated when, as occurred in the present case, judgments enter in piecemeal fashion on separate claims involving separate parties. When partial judgments enter in piecemeal fashion it is impossible to ascertain whether a particular judgment concludes the case except by reviewing the entire docket history and comparing the various judgments entered over the course of the case to the array of claims and parties set forth in the pleadings. In the absence of a rule 54(b) certification, supporting entry of final judgment as to fewer than all claims or parties, the better practice is to defer the entry of anything designated a "judgment" until all claims are determined as to all parties and then to have a single final judgment enter as to all claims and parties.