NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-275                                        Appeals Court

     FRANCHI MANAGEMENT COMPANY, INC., & others[1]  vs.  PAUL F.
 FLAHERTY, JR., trustee,[2] & another;[3] PASQUALE FRANCHI, trustee,[4]
                 & others,[5] third-party defendants.


                        No. 17-P-275.

     Middlesex.      January 11, 2018. - June 21, 2018.

          Present:  Rubin, Sacks, & Wendlandt, JJ.


Negotiable Instruments, Note.  Practice, Civil, Action to reach
     and apply, Notice of appeal, Interest.  Notice,
     Timeliness.  Interest.

_____

        [1] Michael P. Franchi, Louis Franchi, Linda A. Kacewicz, KCN
Realty Trust, and Sea Breeze Realty Trust.

        [2] Of the Patricia Franchi Flaherty 1999 Revocable Trust.
Flaherty was also sued in his individual capacity.

        [3] John S. Kacewicz.  Kacewicz was sued in his then capacity
as trustee of the Patricia Franchi Flaherty 1999 Revocable
Trust.  We are informed by the parties that he is no longer a
trustee, and that a successor trustee has not been named.

        [4] Of Haverhill Realty Development Trust and of Westcliff
Road Nominee Trust.

        [5] Meadow Green-Wildcat Ski Lift Corp., Meadow Green-Wildcat
Corp., LMF Franklin Corp., Natick Crossing Corp., and
Commonwealth Babcock Associates, LLP.

Civil action commenced in the Superior Court Department on August 13, 2009.

The case was heard by Kathe M. Tuttman, J., on motions for summary judgment; entry of separate and final judgment was ordered by Bruce R. Henry, J.; and a motion for amendment of the amended judgment was heard by Maynard M. Kirpalani, J.

Christopher J. Marino (Kenneth J. Mickiewicz also present) for Paul F. Flaherty, Jr.

John J. Gushue for Franchi Management Company, Inc., & others.

WENDLANDT, J.  In this case, we address the timeliness of a notice of appeal from a final judgment that was corrected twice: first, sua sponte to fix a clerical error in the calculation of prejudgment interest, and second, on a motion pursuant to Mass.R.Civ.P. 60(a), 365 Mass. 828 (1974), to correct an additional error in that same calculation.  Because neither the sua sponte correction of a clerical error nor the filing (as here) of a rule 60(a) motion beyond ten days from entry of the original judgment has the effect of restarting the time for appeal from that judgment under Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013), we dismiss defendant Paul F. Flaherty, Jr.'s appeal from the original judgment as untimely.[6]

Background.  We briefly set forth the undisputed facts as agreed by the parties in their cross motions for summary judgment, leaving some procedural details for our discussion

_____

[6] Only Paul F. Flaherty, Jr., in his capacity as trustee, filed an appeal.

below.  This dispute stems from the failure of the defendants, as trustees of the Patricia Franchi Flaherty 1999 Revocable Trust (trust), to pay plaintiff Michael Franchi (Michael) on a promissory note (note) pursuant to which Michael loaned $750,000 to his sister Patricia Franchi Flaherty (Patricia).[7]  Under the terms of the note, Michael and Patricia agreed that Michael's sole recourse for payment would be from Patricia's ownership and beneficial interests in certain assets, which she had previously transferred to the trust.  Patricia died before the initial payment became due, and the trust did not make payments to Michael.  The present action, which Michael and the other plaintiffs commenced in Superior Court,[8] followed.

After a period of discovery, Michael moved for partial summary judgment on count 2 of the second amended complaint, asserting that the court should reach and apply trust assets to satisfy a $750,000 debt owed to him by Patricia.[9]  In their

_____

[7] Because these parties share a surname, we will refer to each by first name.

[8] Counts 1 through 4 of the plaintiffs' second amended complaint sought to reach and apply assets of the defendants to satisfy debts owed to the plaintiffs; count 2 concerned only the debt owed to Michael.  The complaint also included a claim requesting the imposition of a constructive trust (count 5); claims alleging fraudulent conveyance (count 6) and breach of fiduciary duty (count 7); and a demand for an accounting (count 8).

[9] The plaintiffs filed a separate motion for summary judgment on counts 1, 3, 4, 5, and 7 of the second amended

opposition, the defendants conceded liability under the note;
they disputed only the amount due to Michael and whether Michael
had complied with the notice provisions.[10]  The motion judge
allowed Michael's motion and ordered the trust to pay the
principal balance of the note together with interest,[11] remarking
that the defendants did not appear to dispute that Michael's
claim was a direct contractual claim against the trust (as
opposed to a claim against Patricia's estate).  Pursuant to

_____

complaint, and the defendants filed a cross motion for summary
judgment on all of the counts.  The motion judge allowed the
defendants' cross motion for summary judgment as to counts 5
through 8.  The judge denied both the plaintiffs' and
defendants' motions for summary judgment on counts 1, 3, and 4,
concluding that Patricia's estate was a necessary party as to
those counts.  The judge ordered Patricia's estate to be joined
and that said joinder "shall relate back to the date of filing
of the original complaint."  The plaintiffs then successfully
moved to amend the complaint to include Patricia's estate as a
defendant.  Parallel litigation between the parties ensued in
the Probate and Family Court, where a judge ruled that the
plaintiffs' claims against the estate were time barred.  The
plaintiffs have appealed that decision to this court, and the
appeal has been stayed pending resolution of the Superior Court
litigation on the other counts of the complaint.  A third
litigation was then commenced by some of the plaintiffs, who
filed a complaint in the Supreme Judicial Court pursuant to
G. L. c. 190B, § 3-803(e), seeking equitable relief to allow
them to pursue their claim against Patricia's estate.  A single
justice of the Supreme Judicial Court transferred the action to
the Superior Court for consideration together with the remaining
claims of the present action.

   [10] Despite this concession, in their cross motion for
summary judgment, the defendants argued that Patricia's estate
was a necessary party for all the "reach and apply" counts of
the complaint, including Michael's claim on the note.

   [11] Subsequently, the motion judge allowed, in part,
Michael's motion for attorney's fees and costs.

Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974), Michael moved for entry of final judgment on his claim. The unopposed motion was allowed. The clerk of the Superior Court entered a final judgment on Michael's claim on December 22, 2014 (original judgment). Defendant Paul F. Flaherty, Jr., now appeals.

Discussion. Rule 4(a) of the Massachusetts Rules of Appellate Procedure requires an appellant in a civil case to file a notice of appeal "within thirty days of the date of the entry of the judgment appealed from." Mass.R.A.P. 4(a), first par. Here, the defendant purports to appeal from the original judgment, which entered as a final judgment on December 22, 2014.[12] Specifically, on January 11, 2017 -- more than 750 days after the original judgment entered, and nearly two years after the thirty-day deadline for appeal from the original judgment had lapsed on January 21, 2015 -- the defendant filed a notice of appeal from the original judgment. Accordingly, unless an exception applies, the defendant's appeal is not timely.

Rule 4(a) provides that certain postjudgment motions will alter the time period for the filing of a notice of appeal, such that the thirty-day period will not commence until the entry of the order disposing of the postjudgment motion. Relevant to the

---

[12] As set forth supra, while the original judgment did not dispose of all of the claims, it was a "final judgment" entered pursuant to Mass.R.Civ.P. 54(b), which the defendants did not oppose.

present case, rule 4(a) was amended in 2013 to provide as follows:

> "If a timely motion under the Massachusetts Rules of Civil Procedure is filed in the lower court by any party . . . to alter or amend a judgment under Rule 59 or <u>for relief from judgment under Rule 60, however titled, if either motion is served within ten days after entry of judgment</u> . . . the time for appeal for all parties shall run from the entry of the order . . . granting or denying any . . . such motion" (emphasis added).

Mass.R.A.P. 4(a), second par.  A notice of appeal filed before the disposition of these postjudgment motions "shall have no effect"; "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the [postjudgment] motion."  <u>Ibid</u>.

1.  <u>Sua sponte correction of clerical error</u>.  The defendant first maintains that the time for appeal was restarted when, on December 30, 2014, the court sua sponte corrected an arithmetic error in the original judgment regarding the amount of interest owed to Michael.  The trial court has the power to correct clerical mistakes (such as arithmetic errors[13]) pursuant to Mass.R.Civ.P. 60(a), which provides:

---

[13] Here, the correction of the interest calculation was a clerical error that did not affect the substantive rights determined in the original judgment.  See <u>Artco, Inc</u>. v. <u>DiFruscia</u>, 5 Mass. App. Ct. 513, 515, 517 (1977) (rule 60[a] motion to correct clerical error in computation of interest did not affect finality of earlier judgment or extend time to bring motion under rule 60[b][2] or [3]).  See also <u>Bernier</u> v. <u>Boston Edison Co</u>. 380 Mass. 372, 388 n.17 (1980) (rule 60[a] motion is proper vehicle for correcting error in computation of interest).

> "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.  During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

The trial court's exercise of this power does not restart the appellate clock.  Rule 4(a) of the Rules of Appellate Procedure, second par., provides only that certain postjudgment <u>motions</u> restart the time to appeal; nothing in rule 4(a) suggests that the time for appeal is restarted based on the sua sponte action by the trial court.  To the contrary, it is well settled that where (as here) the trial court uses its inherent power to correct a clerical mistake such that the amended judgment does not alter the substantive rights affected by the original judgment, the time for appeal generally runs from the original judgment.[14]  See <u>Jones</u> v. <u>Boykan</u>, 74 Mass. App. Ct. 213, 217 n.7 (2009) ("[T]he correction of a clerical error does not extend the time for taking an appeal from a final judgment"); <u>Farkas</u> v. <u>Rumore</u>, 101 F.3d 20, 22 (2d Cir. 1996) (per curiam), citing <u>Federal Trade Commn</u>. v. <u>Minneapolis-Honeywell Regulator Co</u>., 344 U.S. 206 (1952) ("Where a judgment

---

[14] Of course, a party would have thirty days from the entry of such an amended judgment to appeal from the revisions reflected in that judgment.  See 11 Wright, Miller, & Kane, Federal Practice & Procedure § 2871 (3d ed. 2012).

is reentered [based on a sua sponte correction of an administrative mistake by the trial court], and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment").[15]  Accordingly, the sua sponte amendment of the original judgment did not alter the time to file the notice of appeal from the original judgment.

2.  <u>Rule 60(a) motion to correct a clerical error</u>.  The defendant next argues that the time for appeal was restarted when Michael served on the defendants a motion pursuant to Mass.R.Civ.P. 60(a) to correct an additional clerical error in the amended judgment.  Specifically, on January 5, 2015 -- less than ten days after entry of the amended judgment, but more than ten days after entry of the original judgment -- Michael served a rule 60(a) motion to correct another clerical error in the calculation of prejudgment interest in the amended judgment.[16]

---

[15] "As a general principle, we apply to our rules of civil procedure the construction given to the cognate Federal rules." <u>Pentucket Manor Chronic Hosp., Inc</u>. v. <u>Rate Setting Commn</u>., 394 Mass. 233, 236 (1985), quoting from <u>Chavoor</u> v. <u>Lewis</u>, 383 Mass. 801, 806 n.5 (1981).

[16] The motion judge did not reach the merits of this January, 2015, rule 60(a) motion because the action was stayed in August, 2015, pending resolution of the Probate and Family Court matter.  See note 9, <u>supra</u>.  In September, 2016, Michael served and filed a renewed rule 60(a) motion to correct the clerical error.  That renewed motion was served more than ten days after the amended judgment entered.  For the present analysis, we assume arguendo that the renewed rule 60(a) motion

The defendant maintains that this motion, pursuant to rule 60(a), is one of the enumerated postjudgment motions that restart the time to file the notice of appeal.  In particular, the defendant contends that it was a motion "to alter or amend a judgment under Rule 59 or <u>for relief from judgment under Rule 60, however titled, if either motion is served within ten days after entry of judgment</u>" (emphasis added).  Mass.R.A.P. 4(a), second par.  The defendant's argument overlooks that the rule 60(a) motion was not "served within ten days after entry" of the original judgment from which the defendant purports to appeal.  For this reason alone, the argument fails.

Nevertheless, the defendant maintains that the time for appeal was extended because Michael's rule 60(a) motion was served within ten days of the entry of the amended judgment.  The flaw in the defendant's contention is that the defendant does not appeal from the clerical correction reflected in the amended judgment.  Instead, he purports to challenge the merits of the allowance of Michael's motion for summary judgment in the <u>original</u> judgment; the defendant's notice of appeal from

---

should be viewed as relating back to January 5, 2015, the service date of Michael's original rule 60(a) motion.  The renewed motion was allowed, and a second amended judgment entered on December 28, 2016.  Because the defendant filed his notice of appeal on January 11, 2017, the notice was timely as to the further revisions in the second amended judgment.  We note, however, that the defendant has not challenged any aspect of the further revisions, which we shall therefore affirm.

that judgment was not filed until more than 750 days after the judgment entered. Michael's rule 60(a) motion (which was not served within ten days of the entry of the original judgment) does not "produce a Lazarus-like effect; it cannot resurrect [the defendant's] expired right to contest the merits of the underlying [original] judgment, nor bring the judgment itself before us for review." Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989). See 11 Wright, Miller, & Kane, Federal Practice & Procedure § 2871, at 586 (3d ed. 2012) (timely appeal from correction of clerical error, after time for appeal of underlying judgment has run, "would be limited to [the] disposition of the Rule 60[a] motion and would not bring up for review the underlying judgment").

Because the trial court's sua sponte correction in the amended judgment does not alter the finality of the original judgment or restart the time for appeal, and because Michael's rule 60(a) motion was not served within ten days of the original judgment,[17] the defendant's appeal from the original judgment is untimely.[18]

---

[17] Because we conclude that Michael's motion pursuant to Mass.R.Civ.P. 60(a) did not meet the ten-day time restriction of Mass.R.A.P. 4(a), we need not decide whether a rule 60(a) motion to correct a clerical error is, when served within ten days of the entry of judgment, one of the motions encompassed by rule 4(a)(3). Compare Catz v. Chalker, 566 F.3d 839, 841-842 (9th Cir. 2009), with Reporter's Notes to Rule 4 (2013), Massachusetts Rules of Court, Rules of Appellate Procedure, at

Conclusion.  The appeal from the December 22, 2014,
judgment, and from so much of the amended judgment entered
December 28, 2016, as awarded damages in the sum of $750,000 is
dismissed with prejudice.  In all other respects, the amended
judgment is affirmed.

So ordered.

---

231 (Thomson Reuters 2018) (discussing purpose of 2013 amendment
to eliminate disparate effect on time for appeal caused by
differential treatment between motions pursuant to Mass.R.Civ.P.
59 and Mass.R.Civ.P. 60[b]).

[18] The defendant, seeking to preserve some avenue for
appealing from the original judgment, alternatively contends
that the present appeal is premature and should be dismissed
without prejudice.  This is so, he argues, because, in allowing
the renewed rule 60(a) motion (see note 16, supra) and issuing a
second amended judgment, entered on December 28, 2016, a second
motion judge corrected the arithmetic error in the calculation
of prejudgment interest in the first amended judgment only
through December 30, 2014, the date the first amended judgment
entered, and did not enter a new separate and final judgment
pursuant to Mass.R.Civ.P. 54(b).  We disagree.  The second
motion judge's interest calculation conforms to rule 54(f)'s
directive to compute the "[i]nterest accrued up to the date of
entry of a judgment."  Mass.R.Civ.P. 54(f), 382 Mass. 822
(1980).  The amount of additional interest owed to Michael after
the date of the entry of the first amended judgment is "interest
from the date of entry of a judgment to the date of execution or
order directing the payment of said judgment," ibid., which
cannot be calculated "at this time," as the second motion judge
noted, because it will depend on when the defendants pay Michael
on the outstanding judgment.