NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-727

MARGALY PHILIPPE

vs.

WELLS FARGO BANK, N.A., trustee.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal is the most recent chapter in an ongoing effort by the plaintiff, Margaly Philippe, to retain her former home after a Housing Court judgment entered awarding possession of the home to the defendant, a foreclosing bank. The Housing Court judgment was affirmed on appeal, see Wells Fargo Bank, N.A. v. Philippe, 98 Mass. App. Ct. 1117 (2020) (Philippe I). Further appellate review was denied. See Wells Fargo Bank, N.A. v. Philippe, 486 Mass. 1113 (2021). An execution on the judgment issued, and Philippe's requests for relief from that execution were denied in the Housing Court.

Philippe then filed a "petition" in the Superior Court seeking relief from the Housing Court judgment, in equity and

_____

[1] For Option One Mortgage Loan Trust 2007-FXD1.

pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974). On October 25, 2021, a judge of the Superior Court denied Philippe's petition by entering an order on the docket, and on November 16, 2021, also by docket order, the judge allowed a motion by the bank to close the case. Later, in a written memorandum, the judge allowed the bank's motions to strike a return of service of the petition and permanently close the case. On April 21, 2022, a judgment of dismissal entered pursuant to Mass. R. Civ. P. 54, as amended, 382 Mass. 829 (1981), and Mass. R. Civ. P. 58, as amended, 371 Mass. 908 (1977). The judge cited two reasons: (1) failure of service of the petition, and (2) the Housing Court judgment could not be collaterally attacked in the Superior Court.

Within ten days, Philippe filed a motion for relief from the judgment citing Mass. R. Civ. P. 60 (b) (1) (rule 60 [b] motion), in which she argued that the judge made a mistake when he struck the return of service. The rule 60 (b) motion was denied on June 30, 2022, and Philippe appealed.[2]

---

[2] In addition to the April 21, 2022 judgment of dismissal and June 30, 2022 order denying the rule 60 (b) motion, Philippe's renewed and combined notice of appeal identified the orders dated October 25 and November 16, 2021, but those were not "judgments" within the meaning of our procedural rules and are not separately appealable. See Jones v. Boykan, 74 Mass. App. Ct. 213, 218 & n.9 (2009).

2

In the appeal, Philippe requested a stay of levy on the Housing Court execution pursuant to Mass. R. A. P. 6 (a), as appearing in 481 Mass. 1608 (2019). On September 22, 2022, Philippe's request was denied by a single justice of this court. Philippe again appealed, and her appeals were consolidated for our consideration.

We have carefully considered Philippe's submissions, the April 21, 2022 judgment of dismissal, the June 30, 2022 order denying the rule 60 (b) motion, and the September 22, 2022 single justice order denying the motion to stay. We affirm.

Discussion. Philippe filed her Superior Court petition on October 8, 2021. According to a return of service filed in February 2022, the bank's designated agent was served with a summons and copy of the petition on November 29, 2021. This was after the judge denied the petition (on October 25, 2021) and allowed the bank's motion to close the case (on November 16, 2021), but within the ninety-day window for serving a summons and complaint. See Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988). The bank maintained that the petition was not a "complaint" within the meaning of Mass. R. Civ. P. 4, as amended, 402 Mass. 1401 (1988) (rule 4), therefore, the return of service was a nullity and should be struck. The judge agreed that "this Court never accepted the Petition," and he struck the

3

return both for that reason and because the "summons is not accompanied by any complaint as required by [rule] 4."

The challenge for Philippe here, as the Superior Court judge explained, is that she "cannot prevail in her quest to collaterally attack the final judgment of the Housing Court." Because the Housing Court judgment cannot be undone by the Superior Court or by us for reasons we will explain, we need not decide whether the judge mistakenly focused on the title of Philippe's pleading rather than its substance as she contends. Nor must we determine whether her service sufficed under rule 4 even though a return was not filed until February 2022. See Mass. R. Civ. P. 4 (f), 365 Mass. 733 (1974) ("Failure to make proof of service does not affect the validity of the service").

"It is well established as a general matter that denial of a motion under rule 60 (b) will be set aside only on a clear showing of an abuse of discretion." Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). Applying that standard, we conclude that the judge properly rejected Philippe's contentions that title challenges are outside the jurisdiction of the Housing Court in a summary process proceeding and that only the Superior Court has jurisdiction over equal protection claims under G. L. c. 93, §§ 102 (b), 103 (b).

Both title challenges in a summary process action -- including those based on predatory lending and discrimination --

and "housing problems" that give rise to an equal rights violation fall squarely within the jurisdiction of the Housing Court.  G. L. c. 185C, § 3.  See G. L. c. 151B, § 9; G. L. c. 183C, § 18 (a)-(b).  See also Bank of Am., N.A. v. Rosa, 466 Mass. 613, 625-626 (2013) (Housing Court has jurisdiction in summary process proceeding to consider all equitable challenges to title, including those that previously had to be raised by independent Superior Court action).  Philippe raised claims for both predatory lending and discrimination before the Housing Court judge.  The Housing Court judge rejected the claims because Philippe "was unable to articulate how her mortgage loan fell within any of the four indices of predation" and she admitted she could not afford her modified loan.  After reviewing the evidence and arguments afresh, a panel of this court concluded that the Housing Court judge was correct. Philippe I.  Philippe then sought further review of those decisions and it was denied.

Philippe's new action in the Superior Court (the one currently before us) was between the same parties, arose out of the same foreclosure, and asserted the same claims as those raised in the Housing Court (along with new claims that could or should have been raised before).  The Superior Court judge correctly decided that Philippe's new action was barred by claim preclusion.  That doctrine "makes a valid, final judgment

5

conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action," "based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit" (citations omitted). Laramie v. Philip Morris USA Inc., 488 Mass. 399, 405 (2021).

In Philippe I, Philippe had every opportunity and incentive to pursue all claims that would have called into question the bank's title and therefore its right to possession, including claims for equal rights violations and those based on the ruling in Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830 (2019). She did not pursue those claims. Considerations of fairness and the requirements of efficient judicial administration dictate that she not be given a second bite at the apple. Laramie, 488 Mass. at 405.

For all these reasons, the single justice correctly discerned that Philippe "failed to demonstrate any likelihood of success on the merits that would result in the reversal of the Housing Court's judgment for possession." Denial of the requested stay was not an abuse of discretion. Cartledge v. Evans, 67 Mass. App. Ct. 577, 578 (2006). This is especially true where the appeal was from a judgment of the Superior Court, while the execution Philippe asked the single justice to stay was issued by the Housing Court. Litigants cannot avoid the

6

binding effect of a valid and final judgment rendered by a court of competent jurisdiction "by seeking an alternative remedy or by raising the claim from a different posture or in a different procedural form."  Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974).[3]

> April 21, 2022 judgment of dismissal affirmed.
>
> June 30, 2022 order denying rule 60 (b) motion affirmed.
>
> September 22, 2022 single justice order affirmed.
>
> By the Court (Meade, Hershfang & D'Angelo, JJ.[4]),

*Paul Little*

Assistant Clerk

Entered:  January 3, 2024.

---

[3] Other contentions by Philippe have not been overlooked; we find nothing in them that requires discussion.  Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004).  Philippe's motion to schedule oral argument is denied.

[4] The panelists are listed in order of seniority.