NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-248

U.S. BANK NATIONAL ASSOCIATION, trustee,[1]

vs.

THERESA A. CHERRY.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a judgment entered in favor of the plaintiff, U.S. Bank National Association, in a summary process action in the Housing Court. A single justice of this court denied defendant Theresa Cherry's subsequent motion to stay the eviction pending appeal. This appeal followed. We affirm.[3]

Background. As far as we can discern from the record,[4] the underlying summary process action commenced in December 2018. On May 3, 2019, a judge of the Housing Court entered a summary

_____

[1] On behalf of the holders of the Asset-Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2006-HE7 Asset Backed Pass-Through Certificates, Series AMQ 2006-HE7.

[2] Christopher Cherry and Robert Dansereau were also named as defendants in the underlying action but did not participate in this appeal.

[3] We acknowledge the amicus brief submitted by the Disability Law Center.

[4] Our review is hampered by the confusing and unclear record provided by the defendant on appeal.

process judgment for possession in favor of the plaintiff. Cherry and one of her codefendants in the underlying action, Robert Dansereau, timely appealed and sought a waiver of the appeal bond. On May 31, 2019, a judge of the Housing Court issued an appeal bond order. A single justice of this court affirmed the order, and Cherry and Dansereau appealed. Cherry and Dansereau then failed to comply with the appeal bond order, and, on July 9, 2019, their appeal was dismissed. That same day, an execution for possession was issued in favor of the plaintiff. Cherry and Dansereau sought and were granted a stay by a judge of the Housing Court allowing them until August 31, 2019, to vacate the property. Cherry and Dansereau failed to vacate the property.

On September 10, 2019, Dansereau filed a Chapter 7 bankruptcy petition that triggered an automatic stay. The plaintiff was relieved from the automatic stay and, on January 29, 2020, issued a new execution for possession.

The plaintiff moved for issuance of an alias execution on December 21, 2021, and a hearing was scheduled for January 10, 2022. On January 10, 2022, Cherry filed a motion to postpone the hearing due to contracting COVID-19. A judge of the Housing

2

Court denied that motion, held the hearing on January 10, 2022, and allowed the plaintiff's motion to issue an alias execution.[5]

On February 10, 2022, Cherry filed a motion for stay pending appeal pursuant to Mass. R. A. P. 6 (a), as appearing in 481 Mass. 1608 (2019), with a single justice of this court.[6] On February 24, 2022, the single justice denied Cherry's motion in a written order, determining, inter alia, that "the Housing Court judge did not abuse her discretion or make an error of law in holding the hearing on [January 10, 2022] or in allowing the plaintiff's motion to issue the execution."[7] The single justice highlighted Cherry's failure to demonstrate a likelihood of success on the merits of her claim that the Housing Court judge abused her discretion in denying Cherry's motion to stay the eviction.[8] The single justice subsequently denied Cherry's

---

[5] It appears that the plaintiff's representatives appeared in person at the January 10, 2022, hearing while defendant Theresa Cherry appeared at the hearing via Zoom.

[6] The Appeals Court single justice docket contains an entry dated February 10, 2022, indicating "Motion for stay under M. R. A. P. 6 (a) filed by Theresa Cherry." Again, as far as we can discern, this is the motion for stay that was before the single justice and that is now the subject of the present appeal. However, the defendant failed to include a copy of that motion in the record appendix or elsewhere in the appellate record.

[7] The single justice also issued an order on February 11, 2022, allowing the defendant's motion to file a one-day late notice of appeal under Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019), from the Housing Court's January 10, 2022, orders.

[8] The single justice, in her discretion, did "grant a stay on the levy on the execution to [March 7, 2022], after which time the plaintiff may levy on the execution obtained from the Housing

3

motion for reconsideration.  Cherry filed a notice of appeal of the single justice's order on March 11, 2022.

Discussion.  The record before us does not include the motion to stay brought before the single justice.  See note 6, supra.  Nonetheless, we review the February 24, 2022, single justice order "for errors of law and, if none appear, for abuse of discretion."  Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).  A judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citations omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The defendant contends that the single justice erred in denying her February 10, 2022, motion to stay pending appeal. In order to succeed on a motion to stay pending appeal, an appellant must successfully demonstrate "(1) the likelihood of appellant's success on the merits; (2) the likelihood of irreparable harm to appellant if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest from

Court."  The single justice further ruled that "No further stays from this court should be anticipated."

4

granting the stay."  C.E. v. J.E., 472 Mass. 1016, 1017 (2015), quoting J.W. Smith & H.B. Zobel, Rules Practice § 62.3, at 409 (2d ed. 2007).

We discern no abuse of discretion.  In weighing the relevant factors, the single justice denied the motion because the defendant did not demonstrate a likelihood of success on the merits of the appeal.  On the record before us we do not disagree.  The defendant references no facts demonstrating that the single justice's ruling was outside the range of reasonable alternatives or an abuse of discretion.  See Gifford v. Gifford, 451 Mass. 1012, 1013 (2008), quoting Mezoff v. Cudnohufsky, 5 Mass. App. Ct. 874, 874 (1977) ("'Rarely, if ever, can it be said that a single justice is in error in denying relief' under Mass. R. A. P. 6").  To the extent that the defendant asserts that the denial of her motion to stay violated her equal protection rights and denied her a reasonable accommodation, we disagree.  The Housing Court judge did provide a reasonable accommodation to the defendant in allowing defendant Cherry to appear for the January 10, 2022, hearing via Zoom, which she did.  The defendant's conclusory and often contradictory arguments do not demonstrate otherwise.

Finally, to the extent that the defendant argues that the Housing Court judge was required to continue the January 10, 2022, hearing because the defendant had COVID (and that because

5

she was disabled because of COVID, she was entitled to a lengthy stay), the argument is likewise unavailing. The defendant failed to provide a copy of the January 10, 2022, hearing transcript. On the record before us we are unable to discern any violation within the meaning of Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 849 (2019), or G. L. c. 93, § 103 (a), much less that the single justice abused her discretion.[9]

Order of the single justice affirmed.

By the Court (Rubin, Neyman & Walsh, JJ.[10]),

*Joseph F. Stanton*

Clerk

Entered: October 23, 2023.

---

[9] To the extent we do not discuss other arguments made by the parties, they have not been overlooked. "We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[10] The panelists are listed in order of seniority.