ALFRED E. SMITH, administrator, *vs.* ROBERT G. SMITH & others. October 12, 1977. These are cross appeals from a decree entered February 1, 1974, which allowed the first and final account of the administrator of the estate of Anna E. Haley following an amendment of that account by the court which reduced the amount asked by the administrator for counsel fees. We have before us a report of the material facts and a transcript of the evidence. 1. The administrator's appeal is limited to a claim that the judge erred in reducing the item for counsel fees. No error or abuse of discretion in reducing the claimed counsel fee has been demonstrated. *Old Colony Trust Co.* v. *Third Universalist Soc.,* 285 Mass. 146, 151 (1934). *Miller* v. *Miller,* 339 Mass. 262, 265 (1959). 2. The single item concerned in the contestants' cross appeal is not properly before us, as the issue was not raised below and, in fact, was expressly waived by the contestants at the hearing on the allowance of the account. *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974). *First Fed. Sav. & Loan Assn.* v. *Merrimack Valley Natl. Bank, ante,* 320, 323-324 (1977).

*Decree affirmed.*

*William Boraski* for Alfred E. Smith, administrator.
*Robert G. Smith* for the contestants.


IRENE KOSTER MEZOFF *vs.* WALTER LEE CUDNOHUFSKY. October 13, 1977. It appears that the plaintiff sought to have a Probate Court modify its judgment of divorce, under which she was granted custody of the parties' two minor children, so as to permit her to remove the children to Nova Scotia (G. L. c. 208, § 30). The probate judge declined to modify the judgment and enjoined the plaintiff from removing the minor children from the Commonwealth. The plaintiff then moved before a single justice of this court to suspend the injunction pending appeal pursuant to Mass.R.A.P. 6, as amended effective January 1, 1977. 371 Mass. 914. The single justice denied both the plaintiff's motion to suspend the injunction and her motion for reconsideration of his initial ruling. The plaintiff appealed from the single justice's denial of her two motions, and only those appeals are before us. There was no error. The single justice may in his discretion act to suspend a lower court's injunction, or he may require that it be attacked by the usual course of appeal. Rarely, if ever, can it be said that a single justice is in error in denying relief. *Mamber* v. *Massachusetts Bank & Trust Co.,* 3 Mass. App. Ct. 714 (1975). See also *Massachusetts Bonding & Ins. Co.* v. *Peloquin,* 225 Mass. 30, 30-31 (1916); *MacNeil Bros. Co.* v. *State Realty Co.,* 341 Mass. 725 (1960). There is no basis in this record for a finding of abuse of that discretion.

*Orders affirmed.*

*David Burres* for the plaintiff.
*Robert W. Ritchie* for the defendant.