*Anthony Clayborne Jones, Jr.,* pro se.

PATRICIA GIFFORD *vs.* IAN GIFFORD. June 19, 2008. *Supreme Judicial Court,* Superintendence of inferior courts. *Divorce and Separation,* Stay of judgment. *Practice, Civil,* Stay of proceedings.

---

Patricia Gifford (wife) appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3, in which she sought, along with other relief, a stay pending appeal of certain orders entered in the Probate and Family Court.[1] We affirm.

The case arises from divorce proceedings between the wife and Ian Gifford (husband). After a trial, a judge in the Probate and Family Court made extensive findings of fact, entered a judgment of divorce nisi, and awarded sole legal and physical custody of the couple's three children to the husband, with visitation for the wife. The same day, the judge entered an emergency order authorizing the local police department to gain access to the marital home by force, if necessary, so that the husband could pick up the children, who had been living there with the wife during the divorce proceedings. The wife sought a stay pending appeal from a single justice of the Appeals Court.[2] Mass. R. A. P. 6, as amended, 378 Mass. 930 (1979). The stay was denied. The wife then petitioned this court pursuant to G. L. c. 211, § 3, requesting, in addition to other relief, that the judgment and emergency order be stayed. The single justice denied relief without a hearing.

After reviewing the wife's submissions to this court and the record of proceedings in the county court, we conclude that the single justice neither erred nor abused his discretion. First, the wife had the opportunity to appeal from the order of the single justice of the Appeals Court to a panel of that court. See, e.g., *Adoption of Duval*, 46 Mass. App. Ct. 916 (1999); *Mezoff* v. *Cudnohufsky*, 5 Mass. App. Ct. 874 (1977). She did not do so. Second, on consideration of the record that is before us (which includes the wife's argument on the merits of her request for a stay), we agree with the conclusions of the single justices of the Appeals Court and this court that in light of the trial judge's exhaustive findings, reasoning, and rulings, a stay pending appeal is neither required nor appropriate. *Mezoff* v. *Cudnohufsky, supra* ("Rarely, if ever, can it be said that a single justice is in error in denying relief" under Mass. R. A. P. 6).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Elizabeth M. Clague* for Patricia Gifford.


---

[1] In this appeal, the wife presses only the denial of a stay, and not the denial of other relief.

[2] Ordinarily, a stay must be sought in the first instance in the trial court. Mass. R. A. P. 6 (a), as amended, 378 Mass. 930 (1979). The wife argues that to do so was not practicable in the circumstances of this case. Given our disposition, we need not decide whether this was so.

