MICHAEL J. BLONDE, JR. *vs.* DIANE L. ANTONELLI. July 27, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Divorce and Separation,* Stay of judgment. *Practice, Civil,* Stay of proceedings. *Moot Question.*

Michael J. Blonde, Jr., appeals from a judgment of a single justice of this court denying his motion to stay pending appeal from a judgment of the Probate and Family Court in an equity action brought against him by his former wife, Diane L. Antonelli. The probate judge appointed a special master for the purpose of selling the parties' former marital home. The proceeds of the sale are then to be divided between the parties as provided in their divorce agreement, and the special master's fees are also to be paid therefrom. Blonde moved in the Probate and Family Court and before a single justice of the Appeals Court to stay the sale pending appeal. Mass. R. A. P. 6, as appearing in 454 Mass. 1601 (2009). When those motions were unsuccessful, Blonde filed a petition pursuant to G. L. c. 211, § 3, which was denied by the single justice of this court. A further emergency motion to stay the underlying judgment pending this appeal from the single justice's decision was also denied by the full court, and we have been informed by counsel that the property has since been sold.

The matter is before us on a memorandum and appendix filed by Blonde pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The rule does not apply in these circumstances, where Blonde is not seeking relief from any interlocutory ruling of the trial court. Nonetheless, it is clear on the record before us that the single justice neither erred nor abused her discretion. First, Blonde "had the opportunity to appeal from the order of the single justice of the Appeals Court to a panel of that court." *Gifford* v. *Gifford,* 451 Mass. 1012, 1013 (2008), citing *Adoption of Duval,* 46 Mass. App. Ct. 916 (1999), and *Mezoff* v. *Cudnohufsky,* 5 Mass. App. Ct. 874 (1977). He also could have requested that the Appeals Court expedite such an appeal. However, he chose not to take an appeal to a panel of the Appeals Court. The single justice was not obligated to exercise this court's extraordinary power where Blonde did not attempt to pursue ordinary appellate remedies. Second, we have reviewed the record and agree with the single justices of the Appeals Court and this court that a stay pending appeal was not required. See *Gifford* v. *Gifford, supra,* quoting *Mezoff* v. *Cudnohufsky, supra* ("Rarely, if ever, can it be said that a single justice is in error in denying relief" under rule 6). Finally, as the sale of the house has taken place, Blonde's request for a stay of that aspect of the judgment has become moot. See, e.g., *Rasten* v. *Northeastern Univ.,* 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Brian J. Kelly* for the petitioner.