NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11945

C.E.  vs.  J.E.[1]


September 23, 2015.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Civil, Stay of proceedings.  Divorce and
    Separation, Stay of judgment.


    C.E. (wife) appeals from a judgment of a single justice of
this court denying her petition for relief under G. L. c. 211,
§ 3, specifically, a stay pending her appeal from a judgment of
divorce nisi.  At trial, the wife alleged that the husband,
J.E., sexually abused one of the parties' two minor children.
The judge found, after a fourteen-day trial, that the alleged
abuse had not been proved by a preponderance of the evidence.  A
judgment of divorce nisi issued, paragraphs 3 and 4 of which
grant the husband unsupervised parenting time with the children.
The wife moved in the Probate and Family Court and before a
single justice of the Appeals Court for a stay pending appeal of
these two paragraphs.  Mass. R. A. P. 6, as appearing in 454
Mass. 1601 (2009).  When those motions were unsuccessful, the
wife filed her petition pursuant to G. L. c. 211, § 3, seeking a
stay, which a single justice of this court denied without a
hearing.  On the wife's emergency motion, we issued an interim
order staying paragraphs 3 and 4 pending further order of this

---

[1] A single justice of this court allowed C.E.'s motion to
impound the case and to refer to the parties by their initials.

court.  We now vacate our interim order and affirm the judgment of the single justice.[2]

"Relief pursuant to G. L. c. 211, § 3, is extraordinary. We will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law.  See, e.g., Matthews v. Appeals Court, 444 Mass. 1007, 1008 (2005).  A petitioner seeking relief under the statute 'must "demonstrate both a substantial claim of violation of [her] substantive rights and error that cannot be remedied under the ordinary review process."'  McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995), quoting Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990)."  Bledsoe v. Commissioner of Correction, 470 Mass. 1017, 1017 (2014), quoting Black v. Commonwealth, 459 Mass. 1003, 1003 (2011).  Here, the wife had an adequate remedy in the ordinary review process, as she "had the opportunity to appeal from the order of the single justice of the Appeals Court to a panel of that court" and "also could have requested that the Appeals Court expedite such an appeal."  Blonde v. Antonelli, 463 Mass. 1002, 1002 (2012), quoting Gifford v. Gifford, 451 Mass. 1012, 1013 (2008).  She did not exercise this opportunity.  "The single justice was not obligated to exercise this court's extraordinary power where [the wife] did not attempt to pursue ordinary appellate remedies."  Blonde v. Antonelli, supra.  We cannot assume that an expedited appeal before the Appeals Court would have been unavailable or inadequate.

Moreover, on review of the materials that were before the single justice and that have been submitted to the full court, we agree that a stay was not warranted.  "An appellant seeking a stay pending appeal must ordinarily meet four tests: (1) the likelihood of appellant's success on the merits; (2) the likelihood of irreparable harm to appellant if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest from granting the stay."  J.W. Smith & H.B. Zobel, Rules Practice § 62.3, at 409 (2d ed. 2007).  The wife cannot meet the first of these four tests, as she has not demonstrated a likelihood of success on the merits of her appeal from the underlying divorce judgment.  While she challenges the exclusion of certain out-of-court statements bearing on the alleged abuse, she has not shown, for purposes of obtaining a stay, that the

_____

[2] In view of the wife's motion to expedite this appeal and the voluminous papers filed by both parties, oral argument is not necessary to decide the issues before us.

judge likely erred or abused her discretion in ruling that the statements were hearsay not subject to any exception and that there was adequate admissible evidence before her to evaluate the abuse allegations.[3]  Accordingly, the single justice neither erred nor abused his discretion by denying a stay pending appeal.

The judgment of this court's single justice denying a stay is affirmed.  The interim order issued by this court on September 12, 2015, is vacated.

<u>So ordered</u>.

The case was submitted on briefs.
<u>Miriam G. Altman</u> & <u>Valerie E. Cooney</u> for the wife.
<u>Peter J. Jamieson</u> for the husband.

---

[3] In so holding, we do not prejudge the merits of the wife's appeal.  We hold only that she has not made the required showing at this juncture to demonstrate that she was entitled to a stay pending appeal.  The wife remains free to raise the same arguments on a fully developed record in the Appeals Court, and we trust that that court will consider her arguments with an open mind.