SUPERIOR COURT 
 
 GUSTAVO GERMAN VS. LEE L. RUBIN & others [1]

 
 Docket:
 SUPERIOR COURT CIVIL ACTION NO. 16-01640
 
 
 Dates:
 July [blank], 2017
 
 
 Present:
 Elizabeth Fahey, Justice of the Superior Court
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PRESIDENT & FELLOWS OF HARVARD COLLEGE'S MOTION FOR RECONSIDERATION OF ITS REQUEST FOR A STAY PENDING APPEAL 
 
 

 INTRODUCTION  
On May 31, 2017, this court issued an order allowing the pro se plaintiff, Gustavo German's ("German"), motion to add President & Fellows of Harvard College ("Harvard") as a party and directing Harvard to comply with this court's December 5, 2016 order. 
On June 19, 2017, this court issued an amended Revised Order directing Harvard to provide German with "full access" to "the Bauer Building (located in the basement of the Sherman-Fairchild Building where the Rubin Lab is located)" and to "the BRI facility inside the Bio Lab Building" where German houses and conducts research with a specialized mouse colony. Counsel for Harvard sought a stay of the court's orders pending appeal in open court, which was denied. This court stated that it would reconsider its ruling if Harvard submitted evidence concerning the laws and regulations governing animal research at Harvard. Harvard filed a notice of appeal on June 21, 2017, seeking appellate review of this court's May 31, 2017 order and its June 19, 2017 Revised Amended Order. 
--------------------------- 
[1] David Lopes Cardozo and President & Fellows of Harvard College 
1 
Before this court is Harvard's Motion for Reconsideration of its Request for a Stay of both orders pending appeal ("Motion"). After hearing and careful review of the submissions of the parties, the Motion is ALLOWED in part and DENIED in part.
Before this court is Harvard's Motion for Reconsideration of its Request for a Stay of both orders pending appeal ("Motion"). After hearing and careful review of the submissions of the parties, the Motion is ALLOWED in part and DENIED in part. 
BACKGROUND 
On June 20, 2017, following this court's invitation to submit additional evidence, Harvard submitted the affidavit of Steven Niemi, which addressed various federal and local regulations governing animal research at Harvard. The affidavit also explained that because German has been withdrawn as a graduate student at Harvard, he is no longer eligible to use or access any regulated animals located in any Harvard facility for any purpose. 
On June 29, 2017, this court conducted an evidentiary hearing where Harvard offered the testimony of Dr. Ara Tahmassian, its Chief Research Compliance Officer, concerning the role of Harvard's Institutional Animal Care and Use Committee ("IACUC"), which revoked German's access to the BRI facility. Dr. Tahmassian guided this court through the federal regulations that establish the IACUC as an oversight body that is independent of Harvard. He explained that under those regulations Harvard cannot overrule the IACUC in the event of a negative decision concerning animal testing and research, including its decision to revoke German's access because he is no longer a person "affiliated" with the university. Dr. Tahmassian explained that the IACUC undertook review, and ultimate revocation, of German's access to the animal testing facilities based upon German's "change of status," which was communicated to the IACUC by Harvard's Office of 
2 
General Counsel following its withdrawal of German from the university. Dr. Tahmassian also explained that German is now prohibited by the applicable regulations from accessing any regulated animals at Harvard facilities because he is no longer affiliated with the university. He further testified that the only way for German to regain access is if his affiliation with the university is restored, either through readmission as a student or through qualifying employment with the university. This court credits Dr. Tahmassian's testimony and explanation of the applicable federal and local laws and regulations. 
DISCUSSION  
"An appellant seeking a stay pending appeal must ordinarily meet four tests: (1) the likelihood of appellant's success on the merits; (2) the likelihood of irreparable harm to appellant if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest from granting the stay." C.E. v. J.E., 472 Mass. 1016, 1017 (2015), quoting J.W. Smith & H.B. Zobel, Rules Practice § 62.3, at 409 (2d ed. 2007). 
Upon consideration of the additional evidence Harvard provided, and in particular the testimony of Dr. Tahmassian, this court finds that even though the revocation of German's access to the BRI facility is a direct result of Harvard's questionable withdrawal of him as a student, there would be irreparable harm to Harvard if this court enforced its June 19, 2017 order against it as concerns access to the BRI facility. To comply, Harvard would be forced to violate federal and local laws governing animal testing thereby subjecting Harvard to the severe consequences provided by those same laws. The court finds that substantial harm will unfortunately be visited upon German by granting this limited stay because he will be unable to conduct his research while he remains "unaffiliated" with the university. However, the repercussions of forcing Harvard to violate federal 
3 
and local animal testing laws outweigh the harm to German, which this court expects will be temporary. 
ORDER 
It is, therefore, ORDERED that the Motion for Reconsideration is ALLOWED in part. The Court's June 19, 2017 order, as it concerns German's access to the BRI facility, is stayed pending appeal, or until such time as German's status as a researcher "affiliated" with Harvard is restored, whichever is shorter. As to all other relief requested, the Motion is DENIED.