NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12418

G.G.  vs.  L.R. & another.[1,2]


January 16, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, G.G., obtained a civil harassment
prevention order in the Superior Court, pursuant to G. L.
c. 258E, against L.R.  The order, and subsequent modifications
of it, contained various directives addressed to L.R., as well
as to L.R.'s employer, P.F.  L.R.'s appeal presently is pending
in the Appeals Court; both the Superior Court judge and a single
justice of the Appeals Court denied L.R.'s motion to stay
enforcement of the order pending appeal.

While L.R.'s appeal has been pending, a series of events
ensued in the Superior Court and the Appeals Court.  Notably, a
second single justice of the Appeals Court modified a provision
of an order entered during the pendency of L.R.'s appeal, denied
L.R.'s motion to stay contempt proceedings, and denied G.G.'s
motion for sanctions.  In addition, after the Superior Court
judge allowed G.G.'s "motion to add" P.F. as a party to the
proceedings and entered other orders, P.F. appealed.  That
appeal also is pending in the Appeals Court.  On July 27, 2017,
a third single justice of the Appeals Court allowed P.F.'s
motion to stay enforcement of certain orders pending appeal and

_____

[1] Because the Appeals Court has used the parties' initials
in related proceedings, we do so as well.

[2] P.F.  The Appeals Court also was named as a party in
G.G.'s petition in the county court.  We treat it as a nominal
party.  Cf. S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

L.R.'s motion to stay enforcement of a portion of an order.  The third single justice denied G.G.'s motions for reconsideration of both orders, but treated them as notices of appeal, and indicated that "the appeal shall proceed in the normal course." Insofar as the record before us indicates, G.G. has not pursued those appeals.[3]

Instead, G.G. filed a petition in the county court, pursuant to G. L. c. 211, § 3, primarily requesting that the court vacate the Appeals Court single justice's July, 2017, orders.  In addition, the petition sought an order disqualifying a particular attorney from representing L.R. or G.G., a declaration that a certain constitutional provision is unconstitutional as applied in the underlying proceedings, and other relief.[4]  A single justice of this court denied the petition without a hearing.  G.G.'s appeal from that particular ruling is what is now before us on a memorandum and appendix filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Rule 2:21 applies where a single justice has denied relief pursuant to G. L. c. 211, § 3, from a challenged interlocutory ruling of the trial court.  Because relief properly may be denied under the statute where adequate alternative remedies exist, the rule requires the aggrieved party to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  "At this juncture, our focus is not on the merits of any ruling . . . , but on the availability of other remedies."  Luke v. Commonwealth, 460 Mass. 1002, 1002 (2011).

---

[3] The Appeals Court's docket indicates the records have been assembled in both cases.  See Mass. R. A. P. 9, as amended, 417 Mass. 1601 (1994).  It is unclear whether G.G. has taken the additional steps pursuant to Mass. R. A. P. 10, as amended, 430 Mass. 1605 (1999), to perfect the appeals.

[4] The petition also requested an order directing the Attorney General to initiate a criminal investigation.  Although G.G. has not pressed the claim here, it is plain he was not entitled to relief.  The Attorney General has wide discretion in determining whether to prosecute, see Commonwealth v. Taylor, 428 Mass. 623, 629 (1999), and relief in the nature of mandamus is "not available to compel the performance of discretionary acts."  See Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 605-606 (2010).

To the extent the petition sought relief from the orders of the third single justice of the Appeals Court, the rule does not apply because those orders are not interlocutory rulings <u>of the trial court</u>.  See <u>Blonde</u> v. <u>Antonelli</u>, 463 Mass. 1002, 1002 (2012).  It is nonetheless evident on the record before us that the petitioner has or had an adequate alternative remedy, namely, an appeal from the Appeals Court single justice's orders to a panel of that court.  See <u>Gifford</u> v. <u>Gifford</u>, 451 Mass. 1012, 1013 (2008).  If necessary, he could have requested that the Appeals Court expedite such an appeal.  Single justices of this court are not obligated to exercise the extraordinary power of general superintendence where a petitioner does not attempt to pursue such adequate alternative remedies.  <u>Blonde</u>, <u>supra</u> at 1002.

To the extent the petition seeks relief from any interlocutory ruling of the trial court, such as the denial of the petitioner's request to disqualify defense counsel, the petitioner failed to demonstrate why review of that ruling cannot adequately be obtained through the ordinary appellate process.  See <u>Farahini</u> v. <u>Hingham Mut. Fire Ins. Co.</u>, 445 Mass. 1024, 1024 (2006) (claim that counsel should be disqualified may be raised on appeal from final judgment).  Similarly, while the petition sought certain declaratory relief, the constitutional claims raised "could have been addressed during the ordinary trial and appellate process in the underlying case," <u>Longval</u> v. <u>Superior Court Dep't of the Trial Court</u>, 437 Mass. 1018, 1018-1019 (2002), or on appeal from the third Appeals Court single justice's orders.  Declaratory relief may not be used as a substitute for an appeal.  <u>Id</u>.

We affirm that portion of the judgment that denies the petition for relief pursuant to G. L. c. 211, § 3; with respect to the request for declaratory relief, we remand to the county court for entry of a judgment declaring that, because of the available appellate remedy, the petitioner's action does not state a controversy for purposes of G. L. c. 231A, and that an action for declaratory relief therefore cannot be maintained.

<u>So ordered</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>G.G.</u>, pro se.