NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-84

GRASLI INVESTMENT, LLC

vs.

LISA BEN VO & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants in the underlying summary process action appeal from an order of a single justice of this court denying their motion for a stay under Mass. R. A. P. 6 (a), as appearing in 481 Mass. 1608 (2019).  In their motion the defendants sought to stay a Housing Court judge's order dismissing their appeal from the underlying judgment for failure to post an appeal bond.  The single justice denied the motion on the ground that the defendants failed to demonstrate a likelihood of success on the merits of their appeal.  See C.E. v. J.E., 472 Mass. 1016, 1017 (2015) (party seeking stay under Mass. R. A. P. 6 [a] must show likelihood of success on merits).

---

[1] Linda Huynh and Melanie Huynh.

While we recognize that the defendants are representing themselves, this "does not excuse [their] noncompliance with procedural rules."  Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994).  The defendants' brief does not comply with Mass. R. A. P. 16 (a), as appearing in 481 Mass. 1628 (2019), because, among many other reasons, it does not contain any argument as to why the single justice erred or any citation to the record or relevant legal authority.  Moreover, the record appendix, which consists entirely of the underlying judgment and summary judgment decision of the Housing Court judge, does not comply with the requirements of Mass. R. A. P. 18 (a) (1), as appearing in 481 Mass. 1637 (2019).  Based on the materials the defendants have submitted, and even granting considerable leniency, we are unable to engage in

meaningful review of the single justice's decision, which is therefore affirmed.

Order of single justice
   entered January 6, 2023,
   affirmed.

By the Court (Massing, Shin &
   D'Angelo, JJ.[2]),

Assistant Clerk

Entered: May 7, 2024.

---

[2] The panelists are listed in order of seniority.