NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-323
24-P-534

65 MIDDLE STREET, LLC

vs.

ROBERT S. ALEXANDER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In these related appeals, the defendant, Robert S. Alexander (seller), appeals from (1) the entry of summary judgment in the Superior Court in favor of the plaintiff, 65 Middle Street, LLC (buyer), including an order of specific performance, and (2) orders of a single justice of this court denying his motion to stay the judgment pending appeal and his subsequent motion to reconsider. The seller argues that genuine disputes of material fact should have precluded the allowance of summary judgment, specific performance was an inequitable remedy in the context of the present case, and the single justice erred in denying the motion to stay. We affirm.

Background.  We view the facts of record in the light most favorable to the nonmoving party (here, the seller), as required by the summary judgment standard.  See Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct. 210, 215 (2018).  Here, the material facts are not in dispute for purposes of our analysis.[1]

Sometime after June of 2020, David Pogorelc, the sole manager of the buyer, expressed interest in purchasing property located at 65 Middle Street in South Boston (property) owned by the seller.  Following various communications and negotiations, a real estate broker prepared an "offer to purchase real estate" using the Greater Boston Real Estate Board form (offer to purchase), which contained a purchase price of $900,000.  On September 4, 2020, the real estate broker contacted the seller's representative to see if the offer to purchase was acceptable. The seller's representative responded that the seller was "insisting that $975,000.00 was the lowest offer he would take." Following further negotiations, the real estate broker spoke to

_____

[1] In support of its motion for summary judgment, the buyer filed a statement of material facts.  As detailed below, the seller failed to respond to the statement of material facts in the manner required by Rule 9A (b) (5) of the Rules of the Superior Court (2023), and despite the opportunity provided by a Superior Court judge to comply with the rule, declined to do so. Thus, the motion judge was entitled to deem the buyer's statement of material facts admitted and undisputed for purposes of summary judgment.  See Rule 9A (b) (5) (iii) (A) of the Rules of the Superior Court (2023).  See also Dziamba v. Warner & Stackpole LLP, 56 Mass. App. Ct. 397, 399-401 (2002).

the seller's representative "who orally accepted his offered sale price of $950,000.00. [The real estate broker] then texted Mr. Pogorelc that they had a verbal agreement at $950,000.00." The real estate broker revised the offer to purchase "to reflect the increased sale price of $950,000." The offer to purchase "sets forth all of the material terms of the contract, including, without limitation, the purchase price, deposit amount, conditions of sale, and closing date."[2] It also states, in part, "[t]his is a legal document that creates binding obligations." On September 9, 2020, the seller electronically signed the offer to purchase.[3] After receipt of the "fully executed" offer to purchase, the buyer forwarded a $1,000 deposit to the buyer's escrow agent, as required by the offer to purchase.

The offer to purchase noted that the parties were to execute a standard purchase and sale agreement on or before September 18, 2020. The seller subsequently refused to execute

---

[2] Of course, this is a legal conclusion that we would review de novo, but, as described infra, the seller did not contest it below.

[3] The seller executed the offer to purchase via "DocuSign," which, along with a "DocuSign Certificate of Completion," was included as an exhibit in the summary judgment record.

3

a purchase and sale agreement,[4] but did offer to "simply execute and deliver the necessary deeds to transfer the [p]roperty to [the] [b]uyer."  On October 2, 2020, seller's counsel forwarded proposed deeds to buyer's counsel to complete the sale.  Despite the seller not executing the purchase and sale agreement, the parties agreed to extend the closing date several times.  The seller, however, did not deliver the deeds and refused to complete the sale of the property.  Consequently, on October 30, 2020, the buyer filed a complaint[5] in the Superior Court for breach of contract, alleging that it was entitled to damages and specific performance of the agreement to sell the property.[6]

---

[4] Although no purchase and sale agreement was executed, the buyer tendered the second deposit in the amount of $25,000 to the buyer's escrow agent, as required by the offer to purchase.

[5] The seller failed to file an answer to the complaint and a default order issued on July 28, 2022.  On September 14, 2022, a judge denied the seller's motion to remove the default because the seller failed to establish good cause.  On November 9, 2022, however, after a hearing, the judge allowed the seller's motion to reconsider her denial of the motion to remove the default.

[6] Although the seller refused to respond to the buyer's statement of material facts, the judge noted in her comprehensive memorandum and order on the buyer's summary judgment motion that the seller claimed that he had planned to sell the property through a trust instrument, which was expected to reduce his tax liability.  The judge further noted that the seller claimed that after the "trust deal" fell through, the entire "deal was off."  Despite these claims by the seller, we note that the offer to purchase did not reflect any contingency regarding the formation of a trust for the purpose of structuring the deal, or for any other purpose, and did not contain any other conditions or contingencies relevant to the issues on summary judgment.  Indeed, the seller offered no

4

On April 28, 2023, the buyer served its summary judgment package on the seller. Rather than respond to the buyer's statement of material facts as required by Rule 9A (b) (5) of the Rules of the Superior Court (2023) (rule 9A (b) (5)), seller's counsel wrote "I still intend to respond to none of your statements of fact. I'll re-read them, but I do not see any I or [seller] knew enough about to refute." The seller also filed a memorandum that likewise failed to comply with rule 9A (b) (5). On June 14, 2023, the buyer filed the summary judgment motion and package in the Superior Court pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). On June 16, 2023, a Superior Court judge issued a procedural order in which he found that the seller "failed to refute the movant's proposed assertions of undisputed material fact in the manner required by [rule 9A (b) (5) (iii) (A)]," and filed a memorandum that "grossly exceeds the page limit prescribed" by Superior Court rules. "In an over-abundance of consideration," the judge afforded the seller fourteen additional days to file proper responsive pleadings and comply with rule 9A (b) (5) and warned that should the seller "not avail himself of the dispensations

---

evidence in the summary judgment record, besides his own self-serving statements, that the sale of the property was conditioned on the use of a trust to minimize the seller's capital gains.

afforded him . . . the Court intends to treat the [buyer's] Rule 56 motion as unopposed."  Rather than comply with the procedural order, the seller missed the two-week deadline and, on July 6, 2023, filed a motion for the court to withdraw the procedural order.  The judge, noting that the seller's motion was "without merit" and "rife with sarcasm and invective," denied the motion.  The judge further found that although two judges had extended to the seller "every fair opportunity to oppose summary judgment in the manner required by the rules of this Court," the seller "continues without reason or excuse to squander such accommodations."

On November 15, 2023, a different Superior Court judge allowed the buyer's summary judgment motion and ordered the seller to deliver a deed to the buyer within forty-five days of the date of its order.  In her memorandum of decision, the judge noted the seller's failure to comply with rule 9A (b) (5), and that she was permitted to deem the buyer's statement of material facts "admitted" for purposes of summary judgment.  Summary judgment entered on November 15, 2023.  On November 29, 2023, the seller filed a notice of appeal and an emergency motion to stay pending appeal.  The motion to stay was denied in the Superior Court on November 28, 2023.  On December 18, 2023, the seller filed another motion to stay in the single justice session of this court under Mass. R. A. P. 6 (a), as appearing

6

in 481 Mass. 1608 (2019).  The single justice denied that motion as well as an emergency motion to reconsider that denial.  On March 15, 2024, final judgment entered on the Superior Court docket.  The seller now appeals from the allowance of the buyer's summary judgment motion and from the single justice's orders denying his motion to stay.

Discussion.  We review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, "all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted).  Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018).  "The moving party bears the burden of affirmatively demonstrating the absence of a triable issue." Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008).  If the moving party carries its burden, "the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact." French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659-660 (2011).

As an initial point, the buyer argues that the notice of appeal was untimely as it was filed prior to the entry of final judgment.  We agree that the notice of appeal was filed prematurely, and on this ground alone the seller's appeal fails. See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018) ("A

7

timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal").  See also ZVI Const. Co., LLC v. Levy, 90 Mass. App. Ct. 412, 418 (2016); Mass. R. A. P. 4 (a), as appearing in 481 Mass. 1606 (2019). Although we have exercised our discretion on some occasions to consider a premature appeal where issues are important and fully developed, see, e.g., Creatini v. McHugh, 99 Mass. App. Ct. 126, 128 (2021), this is not such a case.  To the contrary, the record before the Superior Court was neither fully developed nor intelligible in many respects.  As the single justice noted in his denial of the seller's request for a stay, discussed, infra, the record was at times "prolix and difficult to decipher."

Furthermore, the seller's defense in the Superior Court hinged on the claim that the sale of the property was contingent on his ability to conduct the sale through some sort of trust vehicle in order to avoid tax consequences.  His arguments on appeal now center on claims that the offer to purchase omitted material terms -- e.g., the identity of the buyer -- and that the offer to purchase was signed a day after the offer expired. These claims were not sufficiently or properly raised in the Superior Court and were not before the judge deciding the motion for summary judgment.  As such, they are waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("[a]n issue

8

not raised or argued below may not be argued for the first time on appeal").[7]

In any event, focusing on the claims that were raised in the Superior Court, we first note the absence of material facts in dispute. As noted supra, the seller, through counsel, failed to respond to the buyer's statement of material facts as required by rule 9A (b) (5). Even after the issuance of the procedural order by a Superior Court judge, informing the seller of his obligation to comply with the rule and providing additional time to do so, the seller declined the offer. Thus, the judge deciding the motion for summary judgment was warranted in treating the buyer's statement of material facts as admitted and undisputed. See Nickerson v. Flynn-Morris, 103 Mass. App. Ct. 703, 708 (2024) ("compliance with rule 9A is not a mere formality; rather, as stated in rule 9A (b) (5) (vii), judges 'need not consider any motion or opposition that fails to comply with the requirements of this Rule'").

The seller did not dispute below that the standard form offer to purchase executed by the parties in the present case contained all material terms. The offer to purchase further stated that it was a "legal document that creates binding

_____

[7] We note that there is a measure of persuasiveness to the claims now raised for the first time on appeal. We do not speculate as to why they were not raised in the first instance in the Superior Court.

obligations."  In addition, the offer to purchase contained no contingencies of any kind, much less the contingency now proffered by the seller to the effect that the agreement was contingent on selling the property through a trust vehicle. Under these circumstances, we agree that the offer to purchase was properly held to constitute a binding agreement.  See McCarthy v. Tobin, 429 Mass. 84, 87-89 (1999) (offer to purchase real estate describing property and price, stating that it creates binding obligations, and providing that buyer "offer[s]" and seller "accept[s]," reflected parties' intention to be bound by document and execution of purchase and sale agreement was mere formality).[8]

We also discern no abuse of discretion in the judge's determination that the buyer was entitled to specific performance.  See McCarthy, 429 Mass. at 89 ("judge generally has considerable discretion with respect to granting specific performance").  "It is well-settled law in this Commonwealth

_____

[8] Had the parties intended not to be bound by the offer to purchase until the execution of a more formal document, they could have used language suggested by this court and the Supreme Judicial Court to reflect that intent.  See Goren v. Royal Invs. Inc., 25 Mass. App. Ct. 137, 143 (1987) ("The purpose of this document is to memorialize certain business points.  The parties mutually acknowledge that their agreement is qualified and that they, therefore, contemplate the drafting and execution of a more detailed agreement.  They intend to be bound only by the execution of such an agreement and not by this preliminary document").  See also McCarthy, 429 Mass. at 88 n.3.

that real property is unique and that money damages will often be inadequate to redress a deprivation of an interest in land." Greenfield Country Estates Tenants Ass'n, Inc. v. Deep, 423 Mass. 81, 88 (1996). Here, the judge considered the parties' arguments, considered alternative remedies at law, and balanced the equities at issue. On the record before us we cannot say that in ordering specific performance the judge made a clear error of judgment in weighing these factors such that her decision fell outside the range of reasonable alternatives. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[9] To the contrary, the record supports her decision. See Pierce v. Clark, 66 Mass. App. Ct. 912, 914 (2006) (recognizing that specific performance "is usually granted with respect to contracts to convey land" [citation omitted]).

Finally, we have little difficulty affirming the single justice's denials of the motion to stay pending appeal and the motion to reconsider. In his detailed orders, the single

---

[9] The judge's review of the issues on summary judgment was somewhat hampered -- as is ours -- by the seller's filings in the Superior Court, many of which are confusing, unclear, or drafted without regard to the Rules of the Superior Court and the Massachusetts Rules of Civil Procedure. As the single justice stated in denying the seller's motion to stay, "[i]t is quite plain that through a herculean effort the judge patiently and thoroughly distilled the undisputed facts from materials that were, as she aptly described, 'prolix and difficult to decipher.'"

11

justice provided a thorough and clear articulation of the reasons for his determinations. We see no abuse of discretion, nor could we, in view of our conclusions that the judge did not err in allowing the buyer's motion for summary judgment and did not abuse her discretion in ordering specific performance.[10,11] See <u>C.E.</u> v. <u>J.E.</u>, 472 Mass. 1016, 1017 (2015) (party seeking stay under Mass. R. A. P. 6 [a] must show likelihood of success on merits).

<u>Judgment affirmed</u>.

<u>Orders of the single justice affirmed</u>.

By the Court (Rubin, Neyman & Tan, JJ.[12]),

*Paul Little*

Clerk

Entered: July 18, 2025.

---

[10] Other points, relied on by the parties but not discussed in this decision, have not been overlooked. We find nothing in them that requires further discussion. See <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954).

[11] The seller's request for appellate fees is denied.

[12] The panelists are listed in order of seniority.