NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1112

40 MEADOWBROOK LANE REALTY, LLC

vs.

KYLE ANDRESS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the Superior Court, a judge found that the plaintiff, 40 Meadowbrook Lane Realty, LLC, had a thirty-foot right of way along the entire length of Pine Needle Lane in Norton and a prescriptive easement over certain horse trails that lay on the defendants' property.  Having done so, the judge permanently enjoined the defendants, Kyle and Gary Andress, from interfering with the plaintiff's continued use of Pine Needle Lane and the trails.  The defendants moved to stay the judgment pending appeal; after the motion was denied, they sought a stay from a single justice of this court pursuant to Mass. R. A. P. 6 (a), as appearing in 494 Mass. 1601 (2024).

---

[1] Gary Andress.

The single justice denied the defendants' motion, and they timely appealed.  We affirm.

"[W]e review the action of a single justice for errors of law and, if none appear, for abuse of discretion."  Troy Indus. Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).  To obtain a stay pending appeal, the defendants were required to demonstrate "(1) the likelihood of appellant's success on the merits; (2) the likelihood of irreparable harm to appellant if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest" if the stay is granted (citation omitted).  C.E. v. J.E., 472 Mass. 1016, 1017 (2015).  These factors mirror those considered for a preliminary injunction. See Foster v. Commissioner of Correction, 488 Mass. 643, 650 (2021).  The single justice was obligated to balance the relative risks of harm to the parties against the likelihood of success on the merits in determining whether to grant a stay. See Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).

Here, the balance of harms weighed against granting a stay. The judgment preserved a pattern of use that had existed for more than four decades, and which was known to the defendants before they purchased their land.  Nothing in the judgment prevented the defendants from developing their property

consistent with the use of the land at the time of purchase. By contrast, issuance of a stay would have disrupted the plaintiff's business (the plaintiff operates and manages a commercial stable on the property) and limited access to local riders who routinely use the trails for recreation and to access conservation land.

The defendants' merits-based challenge focuses on the introduction of evidence to show the existence of a prescriptive easement over the property. The defendants argue that the plaintiff's theory of a prescriptive easement was not pleaded and came as a surprise, and that evidence of a prescriptive easement should have been excluded. However, the heart of this dispute was the historical ownership and use of the lane and trails, and the defendants' burden on the evidentiary issue -- to establish that the judge abused her substantial discretion -- is a heavy one. See Laramie v. Philip Morris USA Inc., 488 Mass. 399, 413 (2021) ("A judge has broad discretion to make evidentiary rulings, and substantial discretion to determine whether evidence is relevant" [quotations and citations omitted]); Zucco v. Kane, 439 Mass. 503, 507 (2003) ("We do not disturb a judge's decision to admit evidence absent an abuse of discretion or other legal error"). "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence

in determining the action."  Mass. G. Evid. § 401 (2025).

Regardless of whether the prescriptive easement claim was

properly before the court, given the nature of the case, we are

not persuaded that the defendants' likelihood of success on

their evidentiary claim is such that it outweighs the balance of

harms.[2]  See Ellis v. Wingate, 338 Mass. 481, 486 (1959) (where

defendants' answer denied existence and public use of road,

there was "no merit" to contention that plaintiff's testimony

about public use of road was irrelevant).  Therefore, we

perceive no error in the single justice's denial of the motion

to stay.[3]  See Gifford v. Gifford, 451 Mass. 1012, 1013 (2008),

quoting Mezoff v. Cudnohufsky, 5 Mass. App. Ct. 874, 874 (1977)

---

[2] The plaintiff maintains that, to merit a stay, the defendants also had to show they were likely to prevail on a claim for ownership of the northern disputed area.  Because our assessment of the likelihood of success on the evidentiary claim is dispositive, we do not address this argument.

[3] In affirming the denial of the stay, "we do not prejudge the merits of the [defendants'] appeal. . . .  The [defendants] remain[] free to raise the same arguments on a fully developed record . . . , and we trust that [the panel that ultimately decides the appeal] will consider [their] arguments with an open mind."  C.E., 472 Mass. at 1017 n.3.

("'Rarely, if ever, can it be said that a single justice is in error in denying relief' under Mass. R. A. P. 6").

Order of the single justice
affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[4]),

Clerk

Entered:  August 18, 2025.

---

[4] The panelists are listed in order of seniority.