NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1135

ROBERT C. MAURICE, SECOND

vs.

TAMI L. MAURICE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following the issuance of a judgment of divorce nisi (divorce judgment) and an order denying his motion to stay the divorce judgment pending appeal, the plaintiff (husband) moved before a single justice of this court to stay the divorce judgment pursuant to Mass. R. A. P. 6 (a), as appearing in 494 Mass. 1601 (2024).  The single justice denied the stay, and the husband timely filed a notice of appeal.  Discerning no error of law or abuse of discretion, we affirm.

The only issue before us is whether the single justice abused her discretion in denying a stay pending appeal.  To obtain a stay pending appeal, the husband was required to demonstrate "(1) the likelihood of [his] success on the merits;

(2) the likelihood of irreparable harm to [him] if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest" if the stay is granted (citation omitted). C.E. v. J.E., 472 Mass. 1016, 1017 (2015). These factors mirror those considered for a preliminary injunction. See Foster v. Commissioner of Correction, 488 Mass. 643, 650 (2021). This balancing determination is reviewed for abuse of discretion and "is rarely overturned." Cartledge v. Evans, 67 Mass. App. Ct. 577, 578 (2006).

The husband maintains that he demonstrated a likelihood of success on appeal with his argument that the trial judge incorrectly valued loans borrowed against the 401(k) account owned by the defendant (wife) and, therefore, committed clear error in the division of marital assets. In his motion to stay, the husband also asserted error in the judge's assignment of the equity in the marital home. It is not entirely clear whether the husband presses this point on appeal. In the interests of justice, we have also considered this argument in our review of the record.

Our review of the record is hampered by the absence of a trial transcript, without which we cannot evaluate whether, as the husband maintains, there are "evident" errors in the divorce judgment, and thus cannot assess the likelihood of his success

2

on the merits.  For this reason alone, we cannot conclude that the single justice abused her discretion in denying the stay. Accordingly, on the record before us, we perceive no error in the single justice's denial of the motion to stay.  See <u>Gifford</u> v. <u>Gifford</u>, 451 Mass. 1012, 1013 (2008), quoting <u>Mezoff</u> v. <u>Cudnohufsky</u>, 5 Mass. App. Ct. 874, 874 (1977) ("'Rarely, if ever, can it be said that a single justice is in error in denying relief' under Mass. R. A. P. 6").

<u>Single justice order denying stay affirmed</u>.

By the Court (Shin, Grant & Hershfang, JJ.[1]),

Clerk

Entered:  October 3, 2025.

---

[1] The panelists are listed in order of seniority.

3