NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-844

MAY X. ZHOU

vs.

XINWEI LIN[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from an order of a single justice of this court denying their motion for a stay pending appeal pursuant to Mass. R. A. P. 6, as appearing in 494 Mass. 1601 (2024).  The single justice denied the motion on the ground that the defendants failed to demonstrate a likelihood of success on the merits.  Discerning no abuse of discretion in that determination, we affirm.

1.  Background.  The underlying case arose from a dispute about control of KnowledgeLink Group, Inc. (KnowledgeLink), a

_____

[1] Also known as Christine Lin.

[2] Jianxin Gao, also known as Steven Gao.

company formed by the parties in 2013.  The plaintiff was the chief executive officer and president of KnowledgeLink and was effectively performing the role of its chief operating officer until 2018, when the defendants terminated her employment and removed her from KnowledgeLink's board of directors.  A few weeks after her termination, the plaintiff brought the underlying suit against the defendants asserting breach of fiduciary duty, among other claims.[3]  On April 9, 2025, following a twenty-four day bench trial, a Superior Court judge ruled in the plaintiff's favor on her breach of fiduciary duty claim and several other claims, awarded her a total of $3,520,000 in damages, and ordered that the defendants reinstate her within sixty days as president, chief executive officer, and chief operating officer of KnowledgeLink "with all the usual and customary rights and obligations of those positions and a commensurate salary."

The defendants then moved on an emergency basis for reconsideration of the reinstatement order or alternatively to stay it pending appeal.  On May 9, 2025, the judge denied the motion but extended the deadline for compliance to July 9, 2025. A month later the defendants filed both (1) a notice of appeal

---

[3] This was one of several related lawsuits concerning the events surrounding the plaintiff's termination.  The cases were consolidated for decision in the Superior Court.

2

under "G. L. c. 231, § 118 (Second Paragraph) . . . from all preliminary injunction[s] granted in the" May 9, 2025 order, and (2) a petition under "G. L. c. 231, § 118 (first paragraph)" for "interlocutory relief from the May 9, 2025 order" or, in the alternative, for a stay of the reinstatement order "pursuant to Mass. R. A. P. 6 pending all appellate proceedings."  On July 7, 2025, the single justice denied all relief requested in the latter filing.  Specifically, the single justice dismissed "the petition portion" of the filing on the ground that relief under G. L. c. 231, § 118, first par., was not available because final judgment had already entered,[4] and denied the alternative request for a stay pending appeal on the ground that the defendants had not shown a likelihood of success on the merits.  Later the same day, the defendants filed a notice of appeal from the single justice's order, which is the appeal before us.

2.  Jurisdiction.  At the outset we must address the plaintiff's contention that we lack jurisdiction over the appeal.  There is no question that to the extent the single justice denied relief under G. L. c. 231, § 118, first par., that part of his order was not appealable.  See McMenimen v. Passatempo, 452 Mass. 178, 189 (2008).  His denial of a stay pending appeal was, however, appealable as a matter of right "to

---

[4] In fact, final judgment had not entered.

3

the appellate court in which the appeal is being taken." Mass. R. A. P. 6 (i). The plaintiff is incorrect that there is no pending appeal that could have provided the jurisdictional basis for the single justice to consider a request for a stay. As noted, the defendants appealed from the judge's May 9, 2025 order under the second paragraph of G. L. c. 231, § 118; they were entitled to pursue that appeal, which has since been docketed in this court as no. 25-P-1107,[5] notwithstanding the fact that they had also sought relief from the single justice under the first paragraph. See Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 567 (1995); Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 614 (1980). While it may have been unusual for the defendants to seek a stay of the reinstatement order pending a panel's decision whether to stay the same order, we see no jurisdictional impediment to their doing so.

We also are unpersuaded by the plaintiff's argument that the appeal is moot because the defendants have since complied with the reinstatement order. As the defendants observe, the order places ongoing conditions on the plaintiff's employment in that it requires the defendants to allow her to exercise "all

---

[5] Not until after oral argument in this appeal did the defendants file a motion to consolidate the appeals, which we denied. We express no view on the propriety or merits of the other appeal.

4

the usual and customary rights and obligations of [the] positions" and to pay her "a commensurate salary."  We think this is sufficient to give the defendants a stake in the outcome of the appeal.  See Fannie Mae v. Branch, 494 Mass. 343, 347-348 (2024).

3.  Merits.  We arrive at the issue on appeal:  whether the single justice abused his discretion in concluding that the defendants failed to demonstrate a likelihood of success on the merits of their underlying appeal (i.e., the appeal under G. L. c. 231, § 118, second par., from the judge's May 9, 2025 reinstatement order).  The defendants argue that they are likely to succeed in showing that the reinstatement order was improper because the plaintiff waived any right to reinstatement by not raising that issue in the joint pretrial memorandum, in her proposed findings of facts and conclusions of law, or at trial. The defendants further argue that, even absent waiver, the reinstatement order was improper because the judge did not make any factual findings about whether reinstatement would be equitable.

The defendants' arguments are not frivolous as the plaintiff contends.[6]  But to prevail in this appeal, the defendants must show that the single justice abused his

---

[6] Accordingly, we deny the plaintiff's request for appellate attorney's fees and double costs.

5

discretion in rejecting their arguments, and an abuse of discretion occurs only where "the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). That is not the case here. It would not be unreasonable to conclude that the plaintiff fairly preserved her request for reinstatement by pleading it in her complaint. Nor would it be unreasonable to conclude that the judge made adequate findings in support of her order. Although the defendants contend that the judge should have made more express findings focused on the equities of reinstatement, the cases they cite do not compel that conclusion, given the factual differences between those cases and this one. Thus, particularly in light of the extensive findings of fact and conclusions of law issued by the judge, we conclude that the single justice was within his discretion to decline to stay the reinstatement order. See Gifford v. Gifford, 451 Mass. 1012, 1013 (2008) ("we agree with the conclusions of the single justices of the Appeals Court and this court that in light of

6

the trial judge's exhaustive findings, reasoning, and rulings, a stay pending appeal is neither required nor appropriate").

Order of single justice
  denying stay pending appeal
affirmed.

By the Court (Rubin, Shin &
  Singh, JJ.[7]),

*Paul Little*

Clerk

Entered: November 20, 2025.

---

[7] The panelists are listed in order of seniority.