NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1000

JASBIR MANN & another[1]

vs.

JONATHAN A. COTTRELL & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This action arises out of a real estate transaction between the parties.  The defendants appeal from the order of a single justice of this court denying their request to stay execution of a judgment of the Plymouth Superior Court, pending appeal, pursuant to Mass. R. A. P. 6, as appearing in 494 Mass. 1601 (2024).  We affirm.

Background.  This case has a detailed procedural history. In 2021, the plaintiffs sued the defendants in Bristol Superior Court, alleging several claims related to a real estate

---

[1] Rosemarie Cote.

[2] Rebecca Cottrell.

transaction.  The defendants filed counterclaims, including for defamation, and moved for judgment on the pleadings.  The plaintiffs filed a special motion to dismiss the defendants' defamation claim under the anti-SLAPP statute, G. L. c. 231, § 59H.  A judge of the Bristol Superior Court granted the plaintiffs' special motion to dismiss, and also denied the defendants' motion for judgment on the pleadings and the defendants' motion to strike the plaintiffs' opposition to the defendants' motion for judgment on the pleadings.  The judge also denied the defendants' motion for reconsideration of these orders.  Pursuant to G. L. c. 231, § 118, the defendants sought review of the interlocutory orders by a single justice of this court, and all requests for relief were denied.  See Mann v. Cottrell, 103 Mass. App. Ct. 1101 (2023).

In the underlying action, the plaintiffs continued to pursue discovery, and a Superior Court judge granted several motions to compel discovery.  A Superior Court judge also granted the plaintiffs' motion for attorney's fees pursuant to G. L. c. 231, § 59H.  After the case was transferred from Bristol County to Plymouth County, the plaintiffs moved for entry of judgment and sanctions pursuant to Mass. R. Civ. P. 37 (b) (2) (C), as amended, 390 Mass. 1208 (1984), due to the defendants' failure to comply with discovery orders.  After a hearing, which the defendants did not attend, a judge granted

2

this motion and ordered judgment to issue in favor of the plaintiffs; the order also incorporated the previously awarded attorney's fees under the anti-SLAPP statute. The defendants filed a motion to vacate and a motion for relief or to stay proceedings, and a hearing was scheduled. Following a hearing at which all the parties attended, the defendants' motions were denied, and the judge again allowed the motion for sanctions and entry of judgment, reissuing his order. The defendants filed a timely notice of appeal from the judgment.

After filing a motion for reconsideration and stay pending appeal in the Superior Court, the defendants filed a motion to stay execution of judgment pending appeal with a single justice of this court. After a judge of the Superior Court denied the pending motion for reconsideration and to stay, the single justice also denied relief. The defendants now appeal from the single justice's order denying their request to stay pending appeal.

Discussion. On appeal, the defendants address the merits of several underlying orders in this litigation, none of which are before us on appeal. The only matter properly before us is the single justice's denial of the motion to stay execution of judgment pending appeal.

We review the single justice's ruling for error of law or abuse of discretion. See Commonwealth v. Nash, 486 Mass. 394,

412 (2020).  "The appellate court does not exercise its own independent discretion to evaluate the request for a stay; rather, it reviews the correctness of the single justice's ruling."  Id.  An appellant seeking a stay pending appeal ordinarily must meet four tests:  "(1) the likelihood of appellant's success on the merits; (2) the likelihood of irreparable harm to appellant if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest from granting the stay" (citation omitted).  C.E. v. J.E., 472 Mass. 1016, 1017 (2015).

The defendants have not pointed us to any error of law or abuse of discretion by the single justice in the denial of their motion to stay.  The defendants have failed to articulate how, among other requirements, they will be irreparably harmed from the denial of the stay.  Furthermore, regarding the defendants' requests to render judgments or declare orders to be void, the single justice did not err in denying these requests where a single justice is without the authority to take such dispositive action.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 168 (2018).  On review, we discern no error of law or abuse of discretion by the single justice.  See generally Mezoff v. Cudnohufsky, 5 Mass. App. Ct. 874, 874 (1977) ("Rarely, if ever,

4

can it be said that a single justice is in error in denying relief").

As to the plaintiffs' request for appellate attorney's fees pursuant to G. L. c. 231, § 59H, that issue is not before us. While attorney's fees are mandatory under G. L. c. 231, § 59H, when a judge allows such a special motion to dismiss, as occurred here, and when this court affirms such a ruling allowing the special motion to dismiss, see Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 589-590 (2024), given the procedural posture of this case, our review is limited to the single justice's denial of the motion to stay.[3]

> Single justice order dated
> July 24, 2025, affirmed.[4]
>
> By the Court (Meade,
> D'Angelo & Tan, JJ.[5]),
>
> Clerk

Entered:  May 29, 2026.

---

[3] The defendants also raise several new arguments in their brief that were not presented to the single justice.  As our review is confined to whether the single justice abused her discretion, we decline to address these late-blooming claims.

[4] The plaintiffs' request for appellate attorney's fees, on the ground that this appeal is frivolous, is denied.  The defendants' requests for sanctions and for an investigation are also denied.

[5] The panelists are listed in order of seniority.